**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES DAVENPORT,
an individual,                                                        Case No.:

          Plaintiff,

v.

STELLAR RECOVERY. INC.,
a Florida profit corporation,

          Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JAMES DAVENPORT (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, STELLAR RECOVERY, INC. (hereinafter, "Defendant").  In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337.

2.      Supplemental jurisdiction exists for Plaintiff's FCCPA claims pursuant to 28 United States Code, Section 1367.

3.      Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

1

4.      Plaintiff is a natural person residing in DeKalb County, Georgia and is a citizen of the state of Georgia.

5.      Defendant is a Florida for-profit corporation incorporated under the laws of the state of Florida that, itself and through its subsidiaries, regularly collects debts.

6.      Defendant's principal place of business is located in Duval County, Florida.

7.      Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of below either originated in this District or was initiated on behalf of Defendant, whose principal place of business is in this District.

## GENERAL ALLEGATIONS

8.      At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

9.      At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

10.      At all material times herein, Defendant attempts to collect a debt, specifically an alleged balance due on a consumer account that is not associated with Plaintiff (hereinafter, the "Debt").

11.      At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

12.      At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

14. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

15. All necessary conditions precedent to the filing of this action occurred or were waived by Defendant.

## FACTUAL ALLEGATIONS

16. Defendant placed each of its telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone (hereinafter, "Cellular Telephone") with the assigned number ending in 7355 using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

17. Defendant placed calls to Cellular Telephone using the telephone number 678.666.0325.

18. Defendant placed calls to Cellular Telephone using the telephone number 404.287.2442.

19. Defendant placed calls to Cellular Telephone using the telephone number 404.465.3387.

20. Defendant placed calls to Cellular Telephone using the telephone number 888.613.0234.

21. At all material times herein, Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending in 7355.

22.     Plaintiff is the called party of the calls placed to the Cellular Telephone.

23.     On or about June 18, 2012, Plaintiff was assigned the Cellular Telephone number ending in 7355.

24.     Almost immediately upon activation of his Cellular Telephone, Plaintiff began receiving calls from Defendant, wherein Defendant's employee or representative requested to speak to with "Lakeshia Jones" with respect to the Debt.

25.     Commencing approximately in the month of June 2012 and continuing through December 2013, Defendant continually and repeatedly called Plaintiff using an ATDS, a PTDS, or APV (hereinafter collectively, "the Calls").  The Calls are, in part, specifically itemized below.

26.     Plaintiff is not "Lakeshia Jones" and possesses no relationship whatsoever to Ms. Jones.

27.     In June 2012, Plaintiff answered one of Defendant's Calls, during which Plaintiff waited to be connected to a live representative informed Defendant's agent or representative that he was not "Lakeshia Jones" and further informed Defendant that Defendant had the wrong number.

28.     During the immediately above-referenced call, Plaintiff told Defendant to cease calling his Cellular Telephone.

29.     During each of Defendant's calls that Plaintiff answered, Plaintiff repeatedly advised Defendant that he was not "Lakeshia Jones."

30.     During each of Defendant's calls that Plaintiff answered, Plaintiff repeatedly advised Defendant that Defendant had the wrong number.

31.     Plaintiff never provided his Cellular Telephone number in a transaction that created the Debt.

4

32.     Plaintiff never provided prior express consent for Defendant to call Plaintiff on his Cellular Telephone using an ATDS, a PTDS, or an APV.

33.     At all material times herein Defendant did not possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

34.     Additionally, if Defendant contends it made said phone calls "for informational purposes only," Defendant nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35.     Furthermore, Defendant acquired actual notice that Plaintiff was not the party that Defendant intended to call each time Plaintiff advised Defendant that he was not "Lakeshia Jones" and that Defendant called the wrong number.

36.     At all material times herein, Plaintiff did not possess a business relationship with Defendant.

37.     It is Defendant's corporate policy to use an ATDS, a PTDS, or an APV when attempting to collect consumer debts, like the Debt (hereinafter, "Corporate Policy").

38.     Defendant employed its Corporate Policy of using an ATDS, a PTDS, or an APV when Defendant placed the Calls to Plaintiff's Cellular Telephone in this case.

39.     Defendant placed the Calls to Plaintiff's Cellular Telephone with no effective way for Plaintiff to remove his Cellular Telephone number from Defendant's telephone dialing system.

40.     Defendant placed the Calls to Plaintiff with no effective way for Defendant to remove the telephone number from Defendant's telephone dialing system.

41.     Defendant's Corporate Policy provides no effective way for the called party or Defendant to remove the cellular telephone from Defendant's telephone dialing system.

42.     Defendant's Corporate Policy and procedures are structured as to continue to call individuals like Plaintiff using an ATDS, a PTDS, or an APV, regardless of how many times these individuals advise Defendant's agents or representatives that they are the wrong party and request to remove a telephone number from Defendant's dialing system.

43.     Defendant placed each of the Calls to the Plaintiff's Cellular Telephone without Plaintiff's "prior express consent."

44.     None of Defendant's Calls to Plaintiff were placed for "emergency purposes."

45.     Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS, or an APV without having consumers' prior express consent to do so.

46.     Defendant willfully, knowingly and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

47.     Based on Defendant's pattern and practice described herein, this Court should grant significant and substantial punitive damages sufficient enough to prevent Defendant from continuing this pattern and practice and to deter such similar future conduct in the Middle District of Florida.

48.     Plaintiff states that the imposition of a substantial punitive damage award is required in order to force Defendant to comply with well-established federal and state privacy and debt collection laws.

### THE CALLS

49.     Defendant called Plaintiff on his Cellular Telephone on each of the below itemized occasions using an ATDS, a PTDS, or APV in an attempt to collect the Debt:

6

a.      On or about January 17, 2013, at approximately 9:43 A.M. ET ("Call 1");

b.      On or about January 18, 2013, at approximately 9:50 A.M. ET ("Call 2");

c.      On or about January 23, 2013 ("Call 3");

d.      On or about January 25, 2013, at approximately 1:23 P.M. ET ("Call 4");

e.      On or about January 29, 2013 at approximately 1:15 P.M. ET ("Call 5");

f.      On or about January 30, 2013 ("Call 6");

g.      On or about January 31, 2013 ("Call 7");

h.      On or about February 1, 2013 ("Call 8");

i.      On or about February 4, 2013 ("Call 9");

j.      On or about February 5, 2013 ("Call 10");

k.      On or about February 6, 2013 ("Call 11");

l.      On or about February 7, 2013 ("Call 12");

m.      On or about February 8, 2013 ("Call 13");

n.      On or about February 9, 2013 ("Call 14");

o.      On or about February 11, 2013 ("Call 15");

p.      On or about February 12, 2013 ("Call 16");

q.      On or about February 13, 2013 ("Call 17");

r.      On or about February 19, 2013 ("Call 18");

s.      On or about February 20, 2013 ("Call 19");

t.      On or about February 21, 2013 ("Call 20");

u.      On or about February 22, 2013 ("Call 21");

v.      On or about February 25, 2013 ("Call 22");

w.      On or about February 17, 2013 ("Call 23");

x.          On or about February 18, 2013 ("Call 24");

y.          On or about February 20, 2013 ("Call 25");

z.          On or about February 25, 2013 ("Call 26");

aa.         On or about February 26, 2013 ("Call 27");

bb.         On or about February 27, 2013 ("Call 28");

cc.         On or about February 28, 2013 ("Call 29");

dd.         On or about March 4, 2013 ("Call 30");

ee.         On or about March 5, 2013 ("Call 31");

ff.         On or about March 6, 2013 ("Call 32");

gg.         On or about March 7, 2013 ("Call 33");

hh.         On or about March 8, 2013 ("Call 34");

ii.         On or about March 11, 2011 ("Call 35");

jj.         On or about March 12, 2013 ("Call 36");

kk.         On or about March 13, 2013 ("Call 37");

ll.         On or about March 14, 2013 ("Call 38");

mm.         On or about March 15, 2013 ("Call 39");

nn.         On or about March 16, 2013 ("Call 40");

oo.         On or about March 18, 2013 ("Call 41");

pp.         On or about March 19, 2013 ("Call 42");

qq.         On or about March 20, 2013 ("Call 43");

rr.         On or about March 21, 2013 ("Call 44");

ss.         On or about March 22, 2013 ("Call 45");

tt.         On or about March 23, 2013 ("Call 46");

uu.        On or about March 25, 2013 ("Call 47");

vv.        On or about March 26, 2013 ("Call 48");

ww.        On or about April 1, 2013 ("Call 49");

xx.        On or about April 2, 2013 ("Call 50");

yy.        On or about April 3, 2013 ("Call 51");

zz.        On or about April 4, 2013 ("Call 52");

aaa.        On or about April 8, 2013 ("Call 53");

bbb.        On or about April 9, 2013 ("Call 54");

ccc.        On or about April 10, 2013 ("Call 55");

ddd.        On or about April 12, 2013 ("Call 56");

eee.        On or about April 13, 2013 ("Call 57");

fff.        On or about April 15, 2013 ("Call 58");

ggg.        On or about April 18, 2013 ("Call 59");

hhh.        On or about April 19, 2013 ("Call 60");

iii.        On or about April 20, 2013 ("Call 61");

jjj.        On or about April 22, 2013 ("Call 62");

kkk.        On or about April 23, 2013 ("Call 63");

lll.        On or about April 24, 2013 ("Call 64");

mmm.        On or about April 26, 2013 ("Call 65");

nnn.        On or about April 27, 2013 ("Call 66");

ooo.        On or about April 29, 2013 ("Call 67");

ppp.        On or about April 30, 2013 ("Call 68");

qqq.        On or about May 1, 2013 ("Call 69");

rrr.	On or about May 2, 2013 ("Call 70");

sss.	On or about May 3, 2013 ("Call 71");

ttt.	On or about May 6, 2013 ("Call 72");

uuu.	On or about May 7, 2013 ("Call 73");

vvv.	On or about May 8, 2013 ("Call 74");

www.	On or about May 9, 2013 ("Call 75");

xxx.	On or about May 10, 2013 ("Call 76");

yyy.	On or about May 11, 2013 ("Call 77");

zzz.	On or about May 13, 2013 ("Call 78");

aaaa.	On or about June 27, 2013 ("Call 79");

bbbb.	On or about May 14, 2013 ("Call 80");

cccc.	On or about May 15, 2013 ("Call 81");

dddd.	On or about May 16, 2013 ("Call 82");

eeee.	On or about May 20, 2013 ("Call 83");

ffff.	On or about May 21, 2013 ("Call 84");

gggg.	On or about May 22, 2013 ("Call 85");

hhhh.	On or about May 23, 2013 ("Call 86");

iiii.	On or about May 24, 2013 ("Call 87");

jjjj.	On or about May 25, 2013 ("Call 88");

kkkk.	On or about May 27, 2013 ("Call 89");

llll.	On or about May 28, 2013 ("Call 90");

mmmm.	On or about May 29, 2013 ("Call 91");

nnnn.	On or about May 30, 2013 ("Call 92");

oooo.       On or about May 31, 2013 ("Call 93");

pppp.       On or about June 3, 2013 ("Call 94");

qqqq.       On or about June 4, 2013 ("Call 95");

rrrr.       On or about June 4, 2013 ("Call 96");

ssss.       On or about June 5, 2013 ("Call 97");

tttt.       On or about June 6, 2013 ("Call 98");

uuuu.       On or about June 7, 2013 ("Call 99");

vvvv.       On or about June 8, 2013 ("Call 100");

wwww.       On or about June 10, 2013 ("Call 101");

xxxx.       On or about June 11, 2013 ("Call 102");

yyyy.       On or about June 12, 2013 ("Call 103");

zzzz.       On or about June 13, 2013 ("Call 104");

aaaaa.      On or about June 14, 2013 ("Call 105");

bbbbb.      On or about June 15, 2013 ("Call 106");

ccccc.      On or about June 17, 2013 ("Call 107");

ddddd.      On or about June 18, 2013 ("Call 108");

eeeee.      On or about June 19, 2013 ("Call 109");

fffff.      On or about June 20, 2013 ("Call 110");

ggggg.      On or about June 21, 2013 ("Call 111");

hhhhh.      On or about June 22, 2013 ("Call 112");

iiiii.      On or about June 22, 2013 ("Call 113");

jjjjj.      On or about June 24, 2013 ("Call 114");

kkkkk.      On or about June 25, 2013 ("Call 115");

lllll.      On or about June 26, 2013 ("Call 116");

mmmmm.      On or about June 27, 2013 ("Call 117");

nnnnn.      On or about June 28, 2013 ("Call 118");

ooooo.      On or about July 1, 2013 ("Call 119");

ppppp.      On or about July 2, 2013 ("Call 120");

qqqqq.      On or about July 8, 2013 ("Call 121");

rrrrr.      On or about July 9, 2013 ("Call 122");

sssss.      On or about July 10, 2013 ("Call 123");

ttttt.      On or about July 11, 2013 ("Call 124");

uuuuu.      On or about July 12, 2013 ("Call 125");

vvvvv.      On or about July 13, 2013 ("Call 126");

wwwww.      On or about July 15, 2013 ("Call 127");

xxxxx.      On or about July 16, 2013 ("Call 128");

yyyyy.      On or about July 17, 2013 ("Call 129");

zzzzz.      On or about July 18, 2013 ("Call 130");

aaaaaa.     On or about July 19, 2013 ("Call 131");

bbbbbb.     On or about July 20, 2013 ("Call 132");

cccccc.     On or about July 22, 2013 ("Call 133");

dddddd.     On or about July 23, 2013 ("Call 134");

eeeeee.     On or about July 24, 2013 ("Call 135");

ffffff.     On or about July 25, 2013 ("Call 136");

gggggg.     On or about July 26, 2013 ("Call 137");

hhhhhh.     On or about July 29, 2013 ("Call 138");

iiiiii.        On or about July 30, 2013 ("Call 139");

jjjjjj.        On or about July 31, 2013 ("Call 140");

kkkkkk.        On or about August 1, 2013 ("Call 141");

llllll.        On or about August 2, 2013 ("Call 142");

mmmmmm.        On or about August 3, 2013 ("Call 143");

nnnnnn.        On or about August 5, 2013 ("Call 144");

oooooo.        On or about August 6, 2013 ("Call 145");

pppppp.        On or about August 7, 2013 ("Call 146");

qqqqqq.        On or about August 8, 2013 ("Call 147");

rrrrrr.        On or about August 9, 2013 ("Call 148");

ssssss.        On or about August 10, 2013 ("Call 149");

tttttt.        On or about August 12, 2013 ("Call 150");

uuuuuu.        On or about August 13, 2013 ("Call 151");

vvvvvv.        On or about August 14, 2013 ("Call 152");

wwwwww.        On or about August 15, 2013 ("Call 153");

xxxxxx.        On or about August 16, 2013 ("Call 154");

yyyyyy.        On or about August 17, 2013 ("Call 155");

zzzzzz.        On or about August 19, 2013 ("Call 156");

aaaaaaa.       On or about August 20, 2013 ("Call 157");

bbbbbbb.       On or about August 21, 2013 ("Call 158");

ccccccc.       On or about August 22, 2013 ("Call 159");

ddddddd.       On or about August 24, 2013 ("Call 160");

eeeeeee.       On or about August 26, 2013 ("Call 161");

fffffff.    On or about August 27, 2013 ("Call 162");

ggggggg.    On or about August 28, 2013 ("Call 163");

hhhhhhh.    On or about August 29, 2013 ("Call 164");

iiiiiii.    On or about August 30, 2013 ("Call 165");

jjjjjjj.    On or about August 31, 2013 ("Call 167");

kkkkkkk.    On or about September 4, 2013 ("Call 168");

lllllll.    On or about September 5, 2013 ("Call 169");

mmmmmmm.  On or about September 6, 2013 ("Call 170");

nnnnnnn.    On or about September 7, 2013 ("Call 171");

ooooooo.    On or about September 9, 2013 ("Call 172");

ppppppp.    On or about September 10, 2013 ("Call 173");

qqqqqqq.    On or about September 11, 2013 ("Call 174");

rrrrrrr.    On or about September 12, 2013 ("Call 175");

sssssss.    On or about September 13, 2013 ("Call 176");

ttttttt.    On or about September 14, 2013 ("Call 177");

uuuuuuu.    On or about September 17, 2013 ("Call 178");

vvvvvvv.    On or about September 18, 2013 ("Call 179");

wwwwwww.   On or about September 19, 2013 ("Call 180");

xxxxxxx.    On or about September 20, 2013 ("Call 181");

yyyyyyy.    On or about September 23, 2013 ("Call 182");

zzzzzzz.    On or about September 24, 2013 ("Call 183");

aaaaaaaa.    On or about September 25, 2013 ("Call 184");

bbbbbbbb.  On or about September 26, 2013 ("Call 185");

ccccccccc.   On or about September 27, 2013 ("Call 186");

ddddddddd.   On or about September 30, 2013 ("Call 187");

eeeeeeeee.   On or about October 1, 2013 ("Call 188");

fffffffff.   On or about October 2, 2013 ("Call 189");

ggggggggg.   On or about October 3, 2013 ("Call 190");

hhhhhhhhh.   On or about October 4, 2013 ("Call 191");

iiiiiiiii.   On or about October 7, 2013 ("Call 192");

jjjjjjjjj.   On or about October 8, 2013 ("Call 193");

kkkkkkkkk.   On or about October 9, 2013 ("Call 194");

lllllllll.   On or about October 10, 2013 ("Call 195");

mmmmmmmmm.      On or about October 11, 2013 ("Call 196");

nnnnnnnnn.   On or about October 16, 2013 ("Call 197");

ooooooooo.   On or about October 17, 2013 ("Call 198");

ppppppppp.   On or about October 18, 2013 ("Call 199");

qqqqqqqqq.   On or about October 19, 2013 ("Call 200");

rrrrrrrrr.   On or about October 21, 2013 ("Call 201");

sssssssss.   On or about October 22, 2013 ("Call 202");

ttttttttt.   On or about October 23, 2013 ("Call 203");

uuuuuuuuu.   On or about October 24, 2013 ("Call 204");

vvvvvvvvv.   On or about October 25, 2013 ("Call 205");

wwwwwwwww.   On or about October 28, 2013 ("Call 206");

xxxxxxxxx.   On or about October 30, 2013 ("Call 207");

yyyyyyyyy.   On or about November 1, 2013 ("Call 208");

zzzzzzzzz.    On or about November 4, 2013 ("Call 209");

aaaaaaaaa.  On or about November 14, 2013 ("Call 210");

bbbbbbbbb.On or about November 15, 2013 ("Call 211");

ccccccccc.  On or about November 18, 2013 ("Call 212");

ddddddddd.On or about November 20, 2013 ("Call 213");

eeeeeeeee.  On or about November 21, 2013 ("Call 214");

fffffffff.    On or about December 3, 2013 ("Call 215");

ggggggggg.On or about December 4, 2013 ("Call 216");

hhhhhhhhh.On or about December 5, 2013 ("Call 217");

iiiiiiiii.    On or about December 6, 2013 ("Call 218");

jjjjjjjjj.    On or about December 9, 2013 ("Call 219");

kkkkkkkkk.On or about December 10, 2013 ("Call 220");

lllllllll.    On or about December 11, 2013 ("Call 221");

mmmmmmmmm.  On or about December 12, 2013 ("Call 222");

nnnnnnnnn.On or about December 13, 2013 ("Call 223");

ooooooooo.On or about December 16, 2013 ("Call 224");

ppppppppp.On or about December 17, 2013 ("Call 225");

50.    On or about July 7, 2014 at approximately 3:15 PM E.T., Defendant called Plaintiff's Cellular Telephone using an ATDS or a PTDS.

51.    During the immediately-aforementioned call, Plaintiff spoke with Defendant's employee or representative "Nicholas Burch."

52.    During the immediately-aforementioned call, Plaintiff spoke with Defendant's employee or representative "Roderick Lundy."

16

53.     Plaintiff advised both Nicholas Burch and Roderick Lundy that he was not "Lakeshia Jones," and further advised Defendant that Defendant had the wrong number, and that Defendant's calls to Plaintiff's Cellular Telephone must cease.

54.     Defendant's employee or representative "Roderick Lundy" advised Plaintiff that he was personally deleting Plaintiff's number from the contact list.

55.     On or about October 20, 2015, at approximately 2:24 P.M. E.T., Defendant again called Plaintiff's Cellular Telephone using an ATDS or a PTDS.

56.     Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and TCPA.

57.     Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

58.     As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion, loss of sleep, and the belief that despite advising Defendant that Plaintiff did not owe the Debt, the frequent, repeated debt collection attempts would simply need to be endured unless Plaintiff paid a debt he did not owe.

59.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

60.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic

telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

61.    Additionally, the TCPA, Section 227(b)(3), allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

62.    Plaintiff retained the law firm of Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel"), for the purpose of pursuing this matter against Defendant and is obligated to pay them a reasonable fee for their services and is obligated to reimburse them for any costs advanced on Plaintiff's behalf.

63.    As of the date of this complaint, Defendant did not initiate a law suit in an effort to collect the Debt from Plaintiff.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

<div align="center">

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

</div>

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

64.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by attempting to collect consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

65.    Specifically, despite the Debt obligation not belonging to Plaintiff, despite Plaintiff never owing the Debt, and despite Defendant never possessing Plaintiff's prior express consent to call his Cellular Telephone number using an ATDS, a PTDS, or an APV, Defendant directly called

Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* two hundred twenty-seven (227) times in an attempt to collect the Debt from Plaintiff.

66.     Additionally, Defendant acquired actual notice that Plaintiff's Cellular Telephone did not belong to Ms. Jones the first time Plaintiff answered Defendant's call and advised Defendant that Plaintiff was not "Lakeshia Jones" and that Defendant had the wrong number.

67.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act and Telephone Consumer Protection Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

68.     Despite possessing this information, Defendant's debt collection relentlessly continued.

69.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows:

70.     Defendant is subject to, and each violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

71.     At no time herein did Plaintiff owe the Debt.

72.     Plaintiff advised Defendant that the third-party that Defendant requested to speak with, namely Ms. Jones, was not Plaintiff, was not related to Plaintiff, and was not connected with Plaintiff's Cellular Telephone in any way.

73.     Additionally, Defendant acquired actual notice that Plaintiff's Cellular Telephone did not belong to Ms. Jones the first time Plaintiff answered Defendant's call and advised Defendant that Plaintiff was not "Lakeshia Jones" and Defendant had the wrong number.

74.     Despite never having the requisite consent, having been so advised, and possessing the above-referenced knowledge, Defendant placed *at least* two hundred twenty-seven (227) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the illegitimate Debt from Plaintiff.

75.     Defendant's actions constitute the knowing assertion of a right that does not exist as Defendant possessed no legal right to communicate with Plaintiff via his Cellular Telephone using an ATDS, a PTDS, or an APV.

76.     Further, Defendant attempted to collect the Debt from Plaintiff with knowledge that the Debt was not legitimate (i.e., not Plaintiff's obligation) and as such, Defendant attempted to collect an illegitimate debt from Plaintiff.

77.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through sixty-four (64) as if fully restated herein and further states as follows:

78.     Defendant is subject to, and violated the provisions of, 47 United States Code,

Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

79.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* two hundred twenty-seven (227) times in its attempts to collect the Debt.

80.     At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone.

81.     Additionally, if Defendant contends these phone calls were made for "informational purposes only," it nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS or APV.

82.     Furthermore, Defendant acquired actual notice that Plaintiff's Cellular Telephone did not belong to Ms. Jones the first time Plaintiff answered Defendant's call and advised Defendant that Plaintiff was not "Lakeshia Jones" and that Defendant had the wrong number.

83.     Each of Defendant's phone calls complained of herein are the result of repeated, willful and knowing violations of the TCPA.

84.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a.     The periodic loss of his Cellular Telephone service;

    b.     Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract;

    c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.      Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing debt collection calls placed in violation of the TCPA; and

      e.      Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

      a.      Judgment declaring that Defendant violated the FCCPA and TCPA;

      b.      Judgment for maximum statutory damages for violations of the FCCPA;

      c.      Judgment against for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

      d.      Judgment against Defendant for treble statutory damages in the amount of up to $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

      e.      Judgment enjoining Defendant from further engaging in the conduct that violates the FCCPA and the TCPA;

      f.      Actual damages in an amount to be determined at trial;

      g.      Punitive damages in an amount to be determined at trial;

      h.      Judgment for an award of reasonable attorneys' fees and costs; and

      i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

<div style="margin-left:40%">

Respectfully submitted,

**LEAVENLAW**

/s/ *Ian R. Leavengood*
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Aaron M. Swift, Esq., FBN 0093088**
**Gregory H. Lercher, Esq., FBN 0106991**
**Sara Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*

</div>